UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

JAMES HIGHTOWER,)
)
Plaintiff,) Civil No. 0: 15-93-HRW
)
V.)
)
LADONNA THOMPSON, et al.,) **MEMORANDUM OPINION**
) **AND ORDER**
Defendants.)

\*\*\* \*\*\* \*\*\* \*\*\*

James Hightower is a prisoner confined at the Kentucky State Reformatory in LaGrange, Kentucky. Hightower has filed a civil rights action pursuant 42 U.S.C. § 1983 alleging that officials with the Kentucky Department of Corrections ("KDOC") transferred him to the Eastern Kentucky Correctional Complex ("EKCC") on September 16, 2014 even though they were aware that inmates at EKCC had previously threatened his life. Hightower contends that as a result of these officials' asserted deliberate indifference to his safety, he was attacked by another inmate shortly after his arrival at EKCC. [D. E. No. 1]

This matter is now before the Court to address the defendants' motion to dismiss the complaint [D. E. No. 18] which has been fully briefed by the parties. [D. E. Nos. 20, 24] In addition, Hightower has filed three motions to amend or supplement his complaint [D. E. Nos. 21, 22, 26] which have also been fully briefed.

1

[D. E. Nos. 23, 25] Hightower has also filed a motion seeking injunctive relief [D. E. No. 27], to which the defendants have responded and Hightower has replied [D. E. Nos. 28, 29]. These motions are therefore ripe for decision.

I. **Background**

Hightower's original complaint is difficult to follow in some respects, as many of the dates he provides self-evidently conflict with one another and are contradicted by documentation he has attached to his complaint. However, this much is clear: on October 25, 2014 - one month after he was transferred to EKCC in September 2014 - another inmate entered his cell and attacked him while he slept, resulting in serious injury. [D. E. No. 1 at p. 2]

Hightower indicates that he was previously confined at EKCC in 2012 and 2013, and had been threatened on three occasions because he was a convicted sex offender. In August 2013, he was transferred to the Kentucky State Penitentiary ("KSP"), where he was again placed in protective custody after an inmate attacked him in January 2014. Hightower indicates that in July 2014 he met with KDOC official James Sweat and several unidentified female staff members from KDOC's central office in Frankfort, Kentucky. At that time, Hightower states that he told these persons that he had been threatened at EKCC. Hightower, either directly or through his mother, also sent letters to then-KDOC Commissioner LaDonna

Thompson and KSP warden Randy White explaining these prior incidents for consideration regarding his approaching transfer. [D. E. No. 1 at pp. 3-4]

Hightower further alleges that while he was awaiting transfer to EKCC, KSP Deputy Warden Joel Dunlap told him that he was being transferred because he was filing grievances and writing letters to KDOC administration. In his complaint, Hightower suggests that his claims also extend to James Erwin and Skyla Grief, although he makes no factual allegations against either of those persons. Hightower also alleges without explanation that EKCC warden Gary Beckstrom and EKCC Deputy Warden Keith Helton "misrepresented" certain unidentified facts regarding his prior custody at EKCC, which resulted in his September 2014 transfer back to that facility. [D. E. No. 1 at p. 5]

Hightower contends that these KDOC officials transferred him to EKCC with knowledge that he had previously been threatened at that institution, both to retaliate against him for filing grievances at KSP and with deliberate indifference to his safety in violation of the First and Eighth Amendments to the Constitution of the United States. [D. E. No. 1 at pp. 3-6] Hightower indicates that he did not file a grievance regarding his transfer to EKCC because he believed that decision to constitute a "classification decision" excepted from KDOC's grievance mechanism pursuant to Corrections Policies and Procedures ("CPP") §§ 14.6(II)(C)(5), 18.1(II)(M)(1)(2). Hightower also indicates that he made Sweat and KDOC Commissioner Thompson

aware of the situation through the letters sent by himself and his mother. [D. E. No. 1 at p. 6]

Hightower has named as defendants KDOC Commissioner LaDonna Thompson, KDOC Deputy Commissioner James Erwin, KDOC Director of Classification James Sweat, KSP Warden Randy White, KSP Deputy Warden of Security Joel Dunlap, KSP Deputy Warden of Programs Skyla Grief, former EKCC Warden Gary Beckstrom, and EKCC Deputy Warden of Security Keith Helton. Hightower seeks compensatory and punitive damages against each of the defendants. [D. E. No. 1 at p. 7-8]

## II. The Defendants' Motion to Dismiss the Complaint.

The defendants' motion to dismiss the complaint is based upon two distinct grounds. The defendants contend that Hightower failed to exhaust his administrative remedies because he filed no inmate grievances regarding his transfer. They also argue that Hightower's complaint fails to state a claim upon which relief may be granted against them because he does not allege that any of them were personally involved in the decision to transfer him to EKCC.

Arguments testing the sufficiency of a plaintiff's complaint are governed by Fed. R. Civ. P. 12(b)(6). *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all 'well-pleaded facts'

4

in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Where the plaintiff is proceeding without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A complaint must contain allegations, either expressly stated or necessarily inferred, with respect to every material element necessary to sustain a recovery under some viable legal theory. *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013). But the complaint must be dismissed if it undoubtedly fails to allege facts sufficient to state a facially-plausible claim. *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir. 2012). A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because exhaustion is an affirmative defense that the defendants have the burden of proving, *Jones v. Bock*, 549 U.S. 199 (2007), and to the extent they have attached and relied upon documents and declarations extrinsic to the pleadings in support of any aspect of their motion to dismiss, the Court treats the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F. 3d 1102, 1104 (6th Cir. 2010). A motion under Rule 56 challenges the viability of the another party's claim by asserting that at least one

essential element of that claim is not supported by legally-sufficient evidence. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). A party moving for summary judgment must establish that even viewing the record in the light most favorable to the nonmovant, there is no genuine dispute as to any material fact and that she is entitled to a judgment as a matter of law. *Loyd v. St. Joseph Mercy Oakland*, 766 F. 3d 580, 588 (6th Cir. 2014).

The moving party does not need her own evidence to support this assertion, but need only point to the absence of evidence to support the claim. *Turner v. City of Taylor*, 412 F. 3d 629, 638 (6th Cir. 2005). The responding party cannot rely upon allegations in the pleadings, but must point to evidence of record in affidavits, depositions, and written discovery which demonstrates that a factual question remain for trial. *Hunley v. DuPont Auto*, 341 F. 3d 491, 496 (6th Cir. 2003); *United States v. WRW Corp.*, 986 F. 2d 138, 143 (6th Cir. 1993) ("A trial court is not required to speculate on which portion of the record the non-moving party relies, nor is there an obligation to 'wade through' the record for specific facts.").

The court reviews all of the evidence presented by the parties in a light most favorable to the responding party, with the benefit of any reasonable factual inferences which can be drawn in his favor. *Harbin-Bey v. Rutter*, 420 F. 3d 571, 575 (6th Cir. 2005). If the responding party's allegations are so clearly contradicted by the record that no reasonable jury could adopt them, the court need not accept

them when determining whether summary judgment is warranted. *Scott v. Harris*, 550 U.S. 372, 380 (2007). The court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). If the applicable substantive law requires the responding party to meet a higher burden of proof, his evidence must be sufficient to sustain a jury's verdict in his favor in light of that heightened burden of proof at trial. *Harvey v. Hollenback*, 113 F. 3d 639, 642 (6th Cir. 1997); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F. 2d 1439, 1444 (6th Cir. 1993).

A. <u>Hightower Failed to Exhaust His Administrative Remedies</u>.

The defendants argue that Hightower did not file any inmate grievances regarding his claims, and therefore did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). While acknowledging that CPP 14.6(II)(C)(5) states that classification decisions are not grievable under CPP 14.6's general grievance procedure applicable to most inmate complaints, the defendants explain that CPP 18.1(II)(M) provides a separate appeal procedure for classification decisions, one Hightower admits that he did not pursue. [D. E. No. 18-1 at pp. 5-7] In response, Hightower notes that the particular subdivision of CPP 18.1 referred to by the defendants became effective in July 2015, only after he was transferred in September 2014. [D. E. No. 20 at p. 12-13] This is true, but immaterial: the

operative language found in the prior version of CPP 18.1 likewise permits - and hence § 1997e(a) requires - an appeal to the warden filed within five days after the classification decision. [D. E. No. 20-19 at p. 5]

Federal law requires inmates to fully exhaust administrative remedies available within the prison or jail prior to bringing suit with respect to prison conditions. 42 U.S.C. § 1997e(a). This requirement is mandatory, and claims that have not been exhausted cannot be asserted in any court. *Jones v. Bock*, 549 U.S. 199, 211 (2007). Further, because "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," the inmate must strictly follow the jail's rules with respect to the timelines, form, and procedures for inmate grievances. *Woodford v. Ngo*, 548 U.S. 81, 90 (2004).

The Court has previously considered the interplay between KDOC's general grievance procedure found in CPP 14.6 and the appeal procedure applicable to formal decisions of the Classification Committee in *Sublett v. Green*, No. 0: 14-CV-32-HRW (E.D. Ky. Sept. 24, 2014), *aff'd*, No. 14-06222 (6th Cir. July 14, 2015). As noted in that decision, most inmate grievances regarding prison life must be grieved following the procedure set forth in CPP 14.6, unless they are either specifically identified as "non-grievable" matters or a provision like CPP 18.1 provides an independent appeal and review mechanism.

Here, Hightower's First Amendment claim that KSP and KDOC officials retaliated against him for filing grievances regarding his Kosher diet was itself a claim that he was required to exhaust by filing a "general" grievance under CPP 14.6, something he acknowledges he did not do. In addition, the September 2014 decision of the Classification Committee to transfer him to EKCC was a decision that was appealable to the warden under CPP 18.1(II)(M). Hightower having admitted that he did not do so, he failed to invoke an available administrative appeal, and his Eighth Amendment claim regarding his transfer remains unexhausted. Both of these claims must therefore be dismissed for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). *Jones*, 549 U.S. at 211; *Grinter v. Knight*, 532 F.3d 567, 577-78 (6th Cir. 2008).

> B. Hightower's Complaint does not Allege the Personal Involvement of the Named Defendants.

In order to recover against a given defendant in a civil rights action under 42 U.S.C. § 1983, the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). The requirement of personal involvement does not mean that the particular defendant actually committed the conduct complained of, but it does require a supervisory official to have "at least implicitly authorized, approved, or knowingly

9

acquiesced in the unconstitutional conduct." *Hays v. Jefferson County, Kentucky*, 668 F.2d 869, 874 (6th Cir. 1982). The mere fact of supervisory capacity is not enough: respondeat superior is not an available theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981).

Relying upon this authority, the defendants argue that Hightower does not allege that any of them were personally involved in the decision to transfer him to EKCC in September 2014, and that his complaint therefore fails to state a claim against them because they cannot be held liable merely because they supervise those persons who actually did make that decision. The defendants point to a Transfer Request form dated September 11, 2014, that was issued by the Classification Committee and approved by Classification Branch Manager Donna Reed, to transfer Hightower to EKCC. [D. E. No. 18-2] Hightower did not name Reed as a defendant in his complaint, and the defendants assert that none of those persons he did name were involved in the decision to transfer him to EKCC. [D. E. No. 18-1 at pp. 2-4]

Hightower makes two, essentially factual, arguments in response. First, he contends that the actual form used to approve his transfer was not the September 11, 2014 Transfer Request form provided by the defendants [D. E. No. 18-2], but was instead a Department of Corrections Transfer Authorization Form recommending his transfer to the Kentucky State Reformatory ("KSR"). [D. E. No 20-8] In this form, both EKCC and Little Sandy Correctional Complex are listed as "additional,"

presumably alternative, destinations. Classification/Treatment Officer Marshall Peek initially filled out and signed the form, which Supervisor Adam Noles approved and signed on September 10, 2014. Classification Branch Manager Donna Reed approved and signed the form on September 11, 2014. The form contains a signature line for Skyla Grief's approval, but she did not sign it. *Id.* Hightower states that this was the form used to effect his transfer to EKCC, notwithstanding the indication on the form that he was being transferred to KSR. [D. E. No. 2 at pp. 6-7] Hightower's factual assertion in this regard suggests his belief that it was not merely Donna Reed who made the decision to transfer him, but that Marshall Peek, Adam Noles, and Skyla Grief were also involved.[1]

Hightower also makes a second factual assertion. Hightower has previously alleged that during a classification meeting in July 2014 he was told that he was going to be transferred out of protective custody at KSP. In his original complaint,

---

[1] Two months after the briefing on the defendants' motion to dismiss was completed, Hightower filed a second motion to supplement his complaint. In that motion, Hightower explains that as a result of open records requests he obtained a copy of a "Request for Release from Protective Custody" form dated July 29, 2014 which he suggests KSP staff used to seek his consent for the purpose of transferring him to KSR, but which he refused to sign. [D. E. No. 26, 26-9] Supplementing the complaint pursuant to Rule 15(d) is neither necessary or appropriate, as Hightower seeks to rely upon the document to further respond to the defendants' dispositive motion. The Court will therefore deny the motion to supplement the complaint, but has considered that newly-obtained document as part of its evaluation of the defendants' motion to dismiss.

Hightower stated that when he mentioned during this meeting that he had been threatened by inmates at EKCC in the past, KDOC official James Sweat was present along with several unidentified female staff members from KDOC's Frankfort office. [D. E. No. 1 at p. 4] In his response, Hightower now alleges for the first time that Donna Reed, Skyla Grief, and Adam Noles were also present at the meeting, and were therefore aware of his concerns. [D. E. No. 20 at pp. 2-3]

In their reply, the defendants correctly note that the "Department of Corrections Transfer Authorization Form" [D. E. No 20-8] relied upon by Hightower does not evidence or suggest the personal involvement of the defendants Hightower actually named in the complaint. The three persons who signed that document - Marshall Peek, Adam Noles, and Donna Reed - are not named in the complaint and are not defendants in this proceeding. While there is a signature line for Skyla Grief (who is a named defendant), she did not sign the document nor is there any other indication that she participated in or approved Hightower's transfer. The defendants are therefore correct that the allegations Hightower actually made *in his complaint*, even when considered in conjunction with the KDOC Transfer Authorization Form, do not demonstrate the personal involvement of any of the defendants, and this claim must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("[i]n a § 1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer.")

### III. Hightower's Amendments to his Complaint would be Futile.

Simultaneously with the filing of his response to the defendants' motion to dismiss [D. E. No. 20], Hightower filed both a motion to supplement his complaint and a motion to amend it. [D. E. Nos. 21, 22] Both motions were filed for the same purpose: to add Marshall Peek, Adam Noles, and Donna Reed as defendants, asserting Eighth Amendment claims against them based upon their involvement in transferring him to EKCC notwithstanding their alleged prior knowledge of threats against him at that institution. [D. E. No. 21 at pp. 1-2; D. E. No. 22 at pp 1-2] The defendants respond that Hightower knew or should have known the individuals who were involved in the decision to transfer him; that permitting amendment at this late juncture would be prejudicial; and that permitting amendment would be futile in light of Hightower's failure to exhaust his administrative remedies. [D. E. No. 23]

With respect to Hightower's first motion, the purpose of a motion to supplement the complaint is to "[set] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) But the allegations Hightower wishes to add to his complaint relate to events occurring long *before* he filed his complaint in this action, not after it. A motion to supplement the complaint is therefore not proper, cf. *Chicago Reg. Council of Carpenters v. Village of Schaumburg*, 644 F. 3d 353, 356-57 (7th Cir. 2011), and the motion will be denied.

A motion to amend the complaint pursuant to Rule 15(a)(2) is the proper mechanism to include such pre-filing facts and new defendants. The defendants' concerns regarding prejudice caused by the long delay in amendment since this case was filed carry significant weight. But more fundamentally, permitting the amendment Hightower seeks would be futile. A district court should deny a requested amendment where the proposed amendment would be futile, as where the newly-added claims are subject to dismissal. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). As previously noted, Hightower failed to properly exhaust his administrative remedies with respect to any of his claims, a fundamental defect that would apply with equal force to the claims he seeks to include against three newly-identified defendants.

In addition, when a new party is sought to be added to a previously-filed complaint after the applicable statute of limitations has run, the amendment must "relate back" to the original filing date by satisfying all of the requirements of Rule 15(c)(1)(C) in order to avoid the limitations bar. *Brown v. Cuyahoga Co., Ohio*, 517 F. App'x 431, 433 (6th Cir. 2013); *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012). Hightower's civil rights claims accrued either on September 14, 2014 when he was transferred to EKCC, and certainly no later than October 25, 2014, when he was attacked by another inmate at that institution. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff

knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). He was therefore required to file suit upon his civil rights claims within one year, no later than October 25, 2015. *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). Hightower signed his complaint on September 28, 2015, although it was not mailed until October 20, 2015, and received by the Court two days later. Assuming that Hightower's complaint was initially filed within the limitations period, that period expired shortly thereafter, and the amended complaint he proposes in his May 2016 motion will certainly be deemed filed beyond the limitations period absent relation back.

By its terms, Rule 15 permits an amendment which "changes the party or the naming of the party against whom a claim is asserted" to relate back only when three conditions are met: the amendment must (1) assert a claim arising out of the same conduct or events set forth in the original complaint, (2) the new party to be added must have previously received notice of the action within 120 days after it was filed so that it is not prejudiced in defending the merits of the claims, and (3) the new party knew or should have known that, but for plaintiff's mistake in identifying the proper defendant, the plaintiff would have asserted the claim against it. Fed. R. Civ. P. 15(c)(1)(C); *Coons v. Indus. Knife Co., Inc.*, 620 F. 3d 38, 43 (1st Cir. 2010).

The Sixth Circuit and the other courts of appeal have consistently held that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010). This rule does not apply where the plaintiff merely changes the attribution of conduct to a party already named as a defendant rather than adding a new defendant, *Ham v. Sterling Emer. Servs. Of the Midwest, Inc.*, 575 F. App'x 610, 615-16 (6th Cir. 2014), but a plaintiff's mere failure to find out the identity of the correct party until after the suit is filed does not constitute the sort of mistake in identity to permit an amendment to relate back. *Id.* at 617 (citing *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 433-34 (6th Cir. 2013) ("We have previously held that an absence of knowledge is not a mistake as required by Rule 15(c)(1)(C)(ii).")); see also *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) ("Smith did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find out within the two-year limitations period. The relation-back protections of Rule 15(c) were not designed to correct that kind of problem.").

These cases establish that Hightower's failure to discover until long after the limitations period had expired that Marshall Peek, Adam Noles, and Donna Reed are the persons he now believes responsible for his transfer is not a problem for which Rule 15(c) provides a remedy. Because any claims against the defendants

Hightower seeks to add by amendment would not relate back to the filing of the original complaint, they are time-barred, and the Court will deny as futile his motion to amend his complaint to include them.

### IV. Hightower's Motion for Injunctive Relief

Finally, Hightower has recently filed a motion seeking injunctive relief, stating that officials at KSR where he is now confined have recently advised inmates that approximately one half of the prisoners at that facility will be transferred elsewhere. Hightower states that he is "afraid that he will be transferred to an institution where he has unknown enemies, and the Plaintiff has no way of knowing who all the people are." He therefore requests an order compelling KDOC officials not to transfer him away from KSR. [D. E. No. 27] The defendants respond primarily that Hightower's fear that he may be transferred is speculative. [D. E. No. 28]

A plaintiff must establish his entitlement to a preliminary injunction. *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) ("A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."); *see also Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) ("[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion.").

In determining whether to grant injunctive relief, the Court considers (1) whether the moving party has shown a substantial likelihood that she will succeed on the merits; (2) whether the moving party would suffer irreparable harm if the injunction is not granted; (3) whether granting the injunction will cause substantial harm to others; and (4) whether the public would be served by the injunction. *Rock & Roll Hall of Fame v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998). These elements are factors to be considered and balanced in each case, not rigid requirements. *In re Eagle-Pitcher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir.1992). While "no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

The Court must deny the requested injunction for three reasons. First, the factual basis for the relief requested - KSR's recent indication that it may transfer some prisoners, including Hightower, to a new facility - is wholly unrelated to this lawsuit. Hightower's claims in this action relate to a classification decision made by KSP officials in 2014, not a recent decision by separate officials at a separate prison in 2016.

Second, transfer decisions are made by the Classification Committee members at each prison, and the KSR officials who may in the future decide to transfer Hightower are not defendants in this action. Nor may the Court compel a

18

person to take or not take any action before it possesses personal jurisdiction over them, a condition that cannot be satisfied until they are properly served with process. *Cf. R.M.S. Titanic, Inc. v. Haver*, 171 F. 3d 943, 958 (4th Cir. 1999) (preliminary injunction issued against defendant company was unenforceable because district court did not obtain personal jurisdiction over company through valid service of process); *Schuh v. Michigan Dep't of Corrections*, No. 1:09cv982, 2010 WL 3648876, at *2 (W.D. Mich. July 26, 2010) ("When a preliminary injunction is sought under Rule 65(a), service of the summons and the complaint is required."); *Carty v. R.I. Dept. of Corrections*, 198 F.R.D. 18, 20 (D.R.I. 2000) (same). The Court therefore lacks personal jurisdiction over the persons necessary to grant the relief requested.

Finally, the Court agrees that Hightower's concerns are, at this juncture, wholly speculative. There is no evidence in the record at this point indicating that he will be transferred at all, let alone to a prison that houses his enemies, whom he admits are unknown to him. There is therefore no basis to grant the injunctive relief requested.

Accordingly, **IT IS ORDERED** that:

1. Hightower's motion to supplement the complaint [D. E. No. 21] is **DENIED**.

2. Hightower's motion to amend the complaint [D. E. No. 22] is **DENIED**.

3. Hightower's motion to supplement the complaint [D. E. No. 26] is **DENIED**.

4. Defendants' motion to dismiss the complaint [D. E. No. 18] is **GRANTED**.

5. Hightower's motion for emergency injunctive relief [D. E. No. 27] is **DENIED**.

6. Plaintiff James Hightower's complaint [D. E. No. 1] is **DISMISSED WITH PREJUDICE**.

7. The Court will enter an appropriate judgment.

8. This matter is **STRICKEN** from the active docket.

This 27th day of September, 2016.



Signed By:
Henry R. Wilholt, Jr.
United States District Judge